IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM BULGARIA ) | |
| IN THE MATTER OF ) | Misc. No. 08- |
| NIKOLOV ) | |

GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Bulgaria. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Bulgarian authorities who are investigating a case of alleged fraud and money laundering.

EVIDENCE SOUGHT:

The Bulgarian authorities seek information from the Delaware Secretary of State's Office and another company that resides in this district. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Bulgaria and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                          Respectfully submitted,

                                          COLM F. CONNOLLY
                                          United States Attorney

BY: _____
           David L. Hall
           Assistant U.S. Attorney
           1007 N. Orange Street
           Wilmington, DE  19801
           (302) 573-6277

Dated: 7Aug08

| "ОРХИДЕЯ-94" ЕООД<br>Агенция за преводи<br>София 1000,<br>ул. "Три уши" 6а<br>,ет.4, офис №16,17а<br>тел./факс: (+3592) 981 05 99<br>e-mail: orchid_94@abv.bg |  | ORCHID-94 Ltd.<br>Translation and Interpreting Agency<br>1000 Sofia,<br>6a, Tri Ushi Street, 4th floor,<br>office16,17a<br>Tel./fax: (+3592) 981 05 99<br>e-mail: orchid_94@abv.bg |
|---|---|---|

Certified translation from the Bulgarian



**SUPREME CASSATION PUBLIC PROSECUTOR'S OFFICE**
INTERNATIONAL LEGAL COOPERATION DEPARTMENT
Sofia 1061, 2, Vitosha Blvd., tel.: +359 2/92 19 330
Fax: +359 2/988 58 95
e-mail: mpp_vkp@prb.bg

No. 4460/08.IV
(Please quote in all correspondence)

Sofia, 14.05.2008

TO
THE COMPETENT JUDICIAL
AUTHORITIES OF THE UNITED STATES
OF AMERICA

LETTER ROGATORY
By

THE SUPREME CASSATION PUBLIC PROSECUTOR'S OFFICE OF THE
REPUBLIC OF BULGARIA, SOFIA, 2 VITOSHA BLVD., PALACE OF JUSTICE

DEAR SIRS,

182-28624

The Sofia City Public Prosecutor's Office is conducting pre-trial proceedings based on Prosecutor's File No. 14076/2007, enquiry No. 134/2007 as registered on the docket of the Combating Organised Crime General Directorate – Ministry of the Interior for an offence pursuant to Article 253, par. 5 read with par. 3, item 1 read with Article 20 of the Bulgarian Criminal Code.

LR(USA)

1

The pre-trial proceedings concern "**money laundering**" and is conducted against the Bulgarian nationals Mr. Mario Alexiev Nikolov, Ms. Mariana Stefanova Nikolova, Ms. Petia Borissova Hadjiivanova, Ms. Anna Yurieva Sharkova, Mr. Radmil Ventsislavov Petrov, Mr. Ivan Hristov Ivanov and Mr. Liudmil Danailov Stoykov.

The five Bulgarian nationals are charged with undertaking financial transactions with funds of which they knew to have been acquired through crime.

The **initial offence**, which had become source of illegal acquisition of financial funds, which later became subject to money laundering, had been setting up and participation in an organized criminal group and documentary fraud, pursuant to Article 321 and Article 212 of the Bulgarian Criminal Code, which can be described as follows:

In implementation of the European Union Sapard Program in the period of 1999 – 2006 the European Union made available to the Republic of Bulgaria financial funds aimed at the acceleration of the structural adaptation of its agricultural sector and its harmonization with the European requirements. The beneficiaries of these financial funds have been companies engaged in the manufacturing of foods and the money was used to purchase new machines for food production or processing respective food production materials. The distribution of the funds is carried out in a decentralized way through national agencies and the control by the European Union is exercised by the European Anti-Fraud Office. Under the name of Sapard an Agency was set up and structures as accredited at the State Fund Agriculture under Rule NQ 1268/99 of 21.06.1999 aimed at rendering financial assistance to agriculture in the agricultural regions in the pre-accession period to the European Union. The procedure of granting of funds under the Sapard Program is set out in the respective normative instruments. The subsidy due amounts to up to 50% of the investment costs, approved for assistance, according to the project produced by the relevant candidate. Of this grant (of these 50%), 75% is granted from the European Union budget and 25% - by national co-financing from the state budget of the Republic of Bulgaria through the State Fund Agriculture, Sapard Agency. In the concrete case a subsidy has been granted to the following commercial companies:

    Ptitseklanitsa Chubra Ltd.
    Evrofrigo Plc.
    Rodopa Meat Ltd.
    Rodopa Gold Ltd.
    Rodopa Concerv Ltd and
    Palmigra Ltd.

The managers of the above commercial companies in complicity with the said Bulgarian nationals – defendants set up and managed an organized criminal group, which in the period of 2002 – 2005 on the territory of the Republic of Bulgaria, by using a document with untrue contents, without legal justification obtained subsidies paid by the European Union Sapard program.

Bulgarian and German nationals through commercial associations, registered on the territory of the two states, by means of multiple re-exportation and importation operations, in a fraudulent way increased a number of times the value and changed the origin data and technical state of old machines for the meat-processing industry with the objective to misappropriate financial funds of the Sapard Program. To this end they set up and used the following Bulgarian commercial companies, managed and represented by the said defendants:

LR(USA)

1. **Ptitseklanitsa Chubra Ltd.**, town of Yambol, a recipient of subsidy to the amount of Euro 734,347, based on deliveries by the companies GPS Reisacher, Invoice No. 2 MD-671/02 of 11.11.2002 and **Hoegger GmbH**, Invoice No. 12 111 221 of 17.09.2002 (3 machines);

2. **Evrofrigo Plc.**, city of Sofia, received subsidies amounting to Euro 1,510,302, based on deliveries by the companies Hranmechanika Engineering Ltd. Sofia and **Hoegger GmbH**, as evidenced by Invoice No. 2 111369 of 05.01.2004 (8 machines);

3. **Rodopa Meat Ltd.**, city of Sofia and town of Shumen, received subsidies to the amount of Euro 1,490,573, based on deliveries by the companies Hranmechanika Engineering Ltd. Sofia and **Hoegger GmbH**, as evidenced by Invoice No. 2 111371 of 05.01.2004 (5 machines)

4. **Rodopa Gold Ltd.**, city of Sofia and town of Shumen, received subsidies amounting to Euro 1,506,014, based on deliveries by the companies Hranmechanika Engineering Ltd. Sofia and **Hoegger GmbH**, as evidenced by Invoice No. 2 1330 of 05.10.2004 (3 machines)

5. **Rodopa Concerv Ltd.**, city of Sofia and town of Shumen, received subsidies to the amount of Euro 1,510,134, based on deliveries by the companies Hranmechanika Engineering Ltd. Sofia and **Hoegger GmbH**, as evidenced by Invoice No. 2 1299 of 10.12.2004 (1 machine) and

6. **Palmigra Ltd.**, town of Yambol and town of Shumen, beneficiaries of subsidies amounting to Euro 737,374 based on deliveries by the company CFS Weert B.V. and GPS Reisacher.

The Bulgarian defendants purchased in the name of the listed six commercial companies machines for the meat processing industry from companies of German and Swiss nationals. At the purchase of the machines they artificially blew up prices in order to benefit from the respective subsidy of the European Union channeled through the Sapard Program. The deals were negotiated in respective invoices, contracts, requests and declarations featuring the illegal blowing up of the untrue prices. Later these invoices were submitted by the Bulgarian defendants to the State Fund Agriculture in order to collect the subsidies. Trusting the documents presented the officials of the Fund Agriculture pain by bank transfers the subsidies in the respective amount to each of the said six commercial companies. In this way these companies obtained unlawfully money totaling to Euro 7,491,771.

In order to conceal the money received in the said unlawful way the defendants set up a commercial company KINGSTON ENTERPRISES LLC, Suite 606, Wilmington, Delaware 1980, USA, which has an account opened at the First Investment Bank – Cyprus International Banking Unit, P.O.Box 16023 Cy-2085 Nicosia, Swift: ▮▮▮▮▮ Account ▮▮▮▮▮ and another account in the Kingdom of Belgium.

It is presumed that a substantial part of the unlawfully acquired funds have been transferred to the bank account of the American company in the Republic of Cyprus in order to hide their origin. In some cases defendant Mr. Mario Nikolov, using Power-of-Attorney on behalf of the commercial company KINGSTON ENTERPRISES LLC, Suite 606, Wilmington, Delaware 1980, USA transferred money from the Bulgarian companies to the bank accounts of the American company in the Kingdom of Belgium and the Republic of Cyprus.

It has been found from the evidence collected in the case that the said company KINGSTON ENTERPRISES LLC, Suite 606, Wilmington, Delaware 1980, USA is under the control of the Bulgarian national defendant Mr. Mario Alexiev Nikolov and other persons connected with him.

LR(USA)

In order to clarify the circumstances in the case, it is necessary to carry out investigative actions on the territory of the United States, namely:

1. Producing information to the Bulgarian judicial authorities on: since when **KINGSTON ENTERPRISES LLC, Suite 606, Wilmington, Delaware 1980, USA** is in existence, what changes the property has undergone (if any) since its registration to the present day, who are the owners of the company (natural persons and legal entities);

2. Producing information to the Bulgarian judicial authorities concerning the legal headquarters and management address of **KINGSTON ENTERPRISES LLC, Suite 606, Wilmington, Delaware 1980, USA**, which persons managed and represented the company in the period 2002 – 2008, and what the subject of activities of the company is;

3. Producing information to the Bulgarian judicial authorities on bank accounts opened on the territory of the United States by **KINGSTON ENTERPRISES LLC, Suite 606, Wilmington, Delaware 1980, USA** and if such bank accounts exist – who in empowered to deal with the money in the said bank accounts in the period 2002 – 2008;

4. Producing information to the Bulgarian judicial authorities on the movement of funds in the bank accounts of the said company in the period 2002 – 2008, the orders for bank transfers, deposits and withdrawals of money in cash and other transactions pertaining to the accounts;

5. In view of the necessity to ensure the availability of funds in the bank accounts of the said company to the moment when the Bulgarian court will adjudicate conviction sentences ordering seizure of the financial funds in favor of the Bulgarian state, I request that the competent authority of the United States of America impose **distraint on the money in the bank accounts of the company in their entire amount until the criminal proceedings conducted in the republic of Bulgaria are completed** by enforced sentence to seize the funds in favor of the Bulgarian state.

6. Producing information to the Bulgarian judicial authorities concerning the availability of criminal registration on the territory of the United States of America or conviction sentences by any American Court in reference to the Bulgarian citizens, defendants:

    Mr. Mario Alexiev Nikolov, born on ▮▮▮
    Ms. Mariana Stefanova Nikolova, born on ▮▮▮
    Ms. Petia Borissova Hadjiivanova, born on ▮▮▮
    Ms. Anna Yurieva Sharkova, born on ▮▮▮
    Mr. Radmil Ventsislavov Petrov, born on ▮▮▮
    Mr. Ivan Hristov Ivanov, born on ▮▮▮ and
    Mr. Liudmil Danailov Stoykov, born on ▮▮▮

I kindly request to have the investigative actions described above executed pursuant to Article 18 read with Article 3 and Article 2 of the UN Convention against Transnational Organised Crime and on the basis of the principle of reciprocity according to the attached concrete request by your competent authorities, in compliance with your laws and I declare our readiness to execute requests for legal assistance addressed by the American authorities to the Bulgarian judicial authorities, asking to have analogous investigative actions in criminal proceedings, instituted in the United States, executed.

We avail of this opportunity to present our considerations to the American judicial authorities and to assure them of our desire for fruitful cooperation.

LR(USA)

4

ATTACHMENT: Investigative Request in reference to Prosecutor's File No.14076 as registered in the docket of the Sofia city Public Prosecutor's Office, pre-trial proceedings No. 134/2007 as entered in the docket of the Combating Organized Crime General Directorate – Ministry of the Interior.

Prosecutor at the International Legal Cooperation Department: (signed)

(Iv. Kotorova)

[round stamp – Republic of Bulgaria – Supreme Cassation Public Prosecutor's Office]

[Stamp – THE PROSECUTION OF THE REPUBLIC OF BULGARIA certifies the authenticity of the signature and stamp on this document pursuant to Article 4 of the Legalization, Certification and Translation Rules concerning Documents and other Papers.
Sofia, 14.05.2008
Signature, (signed)

I, *George Mitev*, certify that the translation from the Bulgarian into English of the attached document Letter Rogatory is made by me and is true to the original. The translation consists of 5 pages
Signature_____ (George Koynov Mitev, EGN 3905096261)

LR(USA)

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST  )
FROM BULGARIA            )
IN THE MATTER OF         )   Misc No. 08-
NIKOLOV                  )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Bulgaria whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Bulgaria and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Bulgarian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

       3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Bulgaria, which procedures may be specified in the request or provided by the Bulgarian authorities;

       4. seek such further orders of this Court as may be necessary to execute this request; and

       5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Bulgarian authorities.

       IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

       Dated: This _____ day of _____, 2008.

_____
United States District Court Judge